UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| FCCI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | 5:18-cv-038-JMH |
| | ) | |
| NICHOLAS COUNTY LIBRARY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*

Plaintiff FCCI Insurance Company has moved for injunctive relief in the form of a temporary restraining order and preliminary injunction to prevent arbitration proceedings in this action until the Court has opportunity to consider the pending motion to dismiss for lack of jurisdiction or, in the alternative, motion to compel arbitration. [DE 20]. Defendant Nicholas County Library opposes the motion for injunctive relief. [DE 25]. An expedited hearing was held on this matter where both parties, through counsel, presented their arguments on the matter. After reviewing the briefing and considering the oral arguments presented by the parties, FCCI's motion for a temporary restraining order and preliminary injunction [DE 20] is **DENIED** because FCCI has failed to meet its burden demonstrate that injunctive relief is necessary to preserve the status quo until the Court rules on the pending motion to dismiss or to compel arbitration.

1

## I. Factual and Procedural Background

The Nicholas County Library entered into a construction contract with Crace & Co., Inc., related to the construction of an addition to the Nicholas County Library. FCCI issued payment and performance bonds for the project, naming Crace as principal and Nicholas County Library as obligee.

The construction contract between Crace and the Library states:

> For any claim subject to, but not resolved by, mediation pursuant to Section 21.3, the method of binding dispute resolution shall be as follows:
>
> [X] Arbitration pursuant to Section 21.4 of this Agreement.

[DE 11-2 at 6, Pg ID 56]. Additionally, the contract provides that "[i]f the parties have selected arbitration as the method for binding dispute resolution in the Agreement, any claim, subject to, but not resolved by, mediation shall be subject to arbitration." [Id. at 8, Pg ID 58].

FCCI was not a party to the construction contract between Crace and the Library. Still, the FCCI performance bond appears to incorporate the construction contract, stating:

> The Condition Of This Obligation is such that whereas, the Principal entered into a certain contract with the Owner, dated the 18th day of October, 2016, a copy of which is hereto attached and made part hereof for the construction of: Nicholas Co. Library, New Two Story Addition, Carlisle, KY.

[DE 1-1 at 1, Pg ID 6].

2

One of the special conditions in the performance bond was that Crace install rebar to reinforce the walls of the library addition. After investigation, FCCI claims that they determined that this condition was not met. As a result, FCCI terminated Crace under the performance bond. At the same time, Nicholas County Library made a claim on the FCCI performance bond.

Subsequently, FCCI filed this action seeking a declaratory judgment on the alleged default and overpayment. [DE 1]. The Library moved to dismiss for lack of jurisdiction or, in the alternative, to compel arbitration. [DE 11]. Additionally, if FCCI was not compelled to arbitrate, the Library has asked the Court to stay this case until Crace and the Library can submit their dispute to arbitration. [*Id.*].

Before the Court could rule on that motion, the parties agreed to stay the case and mediate the dispute. [DE 13]. Recently, the parties notified the Court that they had failed to resolve the dispute through mediation and asked that the stay be lifted and that a briefing schedule be implemented for the pending motion to dismiss or compel arbitration. [DE 17; DE 18]. FCCI responded to the motion to dismiss or compel on February 20, 2019. [DE 19]. A demand for arbitration from the Library, dated January 25, 2019, is attached to the FCCI's response in opposition to the motion to dismiss. [DE 19-1]. Based on the Court's briefing schedule [DE 18], the Defendant may reply to the Plaintiff's response in

3

opposition no later than Wednesday, March 6, 2019, at which time, the motion to dismiss will be ripe for review.

Then, FCCI filed a motion for a TRO and Preliminary Injunction and asked for an expedited hearing on their motion. [DE 20; DE 21]. The parties provided oral argument at an expedited motion hearing on March 5, 2019. As a result, the motion for injunctive relief is ripe for review.

## II. Analysis

FCCI's motion for injunctive relief is styled as a motion for a temporary restraining order and preliminary injunction. At this juncture, since FCCI requested an expedited hearing and the motion is not being made ex parte, the Court construes FCCI's motion [DE 20] as a motion for a preliminary injunction to preserve the status quo until the Court has an opportunity to consider and resolve the pending motion to dismiss or compel arbitration [DE 11].

### A. Preliminary Injunction Standard

When a party seeks a preliminary injunction under Rule 65, the Court must consider: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). These are

"factors to be balanced, not prerequisites that must be met." *Tenke Corp*., 511 F.3d at 542. For example, where a party makes "an extremely strong showing of irreparable harm" they are "not required to make as strong a showing of a likelihood of success on the merits." *Stein v. Thomas*, 672 F. App'x 565, 569 (6th Cir. 2016).

The moving party "bears the burden of demonstrating his entitlement to a preliminary injunction." *Jackson v. Coyne*, NO. 3:17-CV-P174-TBR, 2017 WL 3528605, at *1 (W.D. Ky. Aug 16, 2017); *see also Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441 (1974). A preliminary injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "'[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.'" *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).

As an initial matter, both parties, through counsel, have made compelling and passionate arguments supporting their respective positions. The Court appreciates counsels' cooperation and zealous advocacy on behalf of their clients.

At this juncture, the Library argues that the FCCI performance bond incorporated the construction contract, including the arbitration provisions. As such, the Library claims that FCCI is obligated to submit its claims to arbitration. In response, FCCI claims that the Court should determine arbitrability. Additionally, FCCI contends that they are not obligated to arbitrate because the claims in this action do not arise under the construction contract and that the scope of the arbitration clause is limited to disputes between the Library and Crace since FCCI is not a "party" to the construction contract. As a result, FCCI requests injunctive relief enjoining the Library from compelling FCCI to arbitrate until the Court may determine whether FCCI is required to arbitrate.

**(1) Strong Likelihood of Success on the Merits**

For the purposes of this motion for injunctive relief, FCCI primarily argues that it was not a "party" to the construction contract between the Library and Crace, meaning that they have not brought a "claim"[1] under the meaning of the construction contract that would be subject to resolution through arbitration. As such,

---

[1] At oral argument, counsel for FCCI argued that FCCI was not a party under the construction contract and that they therefore cannot submit a claim. But the parties have only provided the Court with limited excerpts from the construction contract. After review of the record, it does not appear that the parties have submitted the provision of the construction contract that defines the term claim or party, to the extent such an explicit definition exists.

FCCI asserts that they have demonstrated a strong likelihood of success on the merits.

Alternatively, the Library argues that FCCI, as surety for the contractor under the performance bond, incorporated the terms of the construction contract without exclusion or limitation, including the binding arbitration and dispute resolution provisions.

The plain language of the performance bond clearly states that the contract for the new two-story addition to the Nicholas County Library is made a part of the performance bond itself. [See DE 1-1 at 1, Pg ID 6]. No matter who drafted the performance bond initially, the parties do not dispute that FCCI was a party to the performance bond. Additionally, it is undisputed that the construction contract that was incorporated into the performance bond contained a binding arbitration clause.

Here, FCCI contends that it is not a party to the construction contract and that only claims between the parties to the construction contract are subject to the arbitration provisions. Furthermore, FCCI claims that the disputes in this action arise only under the performance bond and, as a result, are outside the scope of the construction contract's arbitration provisions. This argument is certainly compelling and will have to be considered fully by the Court once the motion to dismiss becomes ripe.

7

Still, the standard at this point is whether FCCI has met its burden to demonstrate a strong likelihood of success on the merits that would entitle FCCI to injunctive relief to preserve the status quo. On that point, FCCI has failed to demonstrate a *strong* likelihood of success on the merits that would weigh in favor of granting a preliminary injunction. It is undisputed that FCCI made the provisions of the construction contract between the Library and Crace part of the performance bond. Importantly, the performance bond contains no exclusions that clearly indicate that FCCI did not intend to also incorporate the arbitration provisions. Here, there is no indication that FCCI has a strong likelihood of success on the merits on the issue of arbitration.

Ultimately, FCCI may prevail on its arguments that it is not subject to the arbitration provisions in the construction contract but that does not indicate a strong likelihood of success on the merits. In this case, the Library has also presented compelling legal arguments that demonstrate they are just as likely to prevail on this issue. This motion for injunctive relief is not an opportunity for the parties to pre-litigate issues that are not yet ripe or test out legal theories. At present, both parties have made strong legal arguments indicating that they may be correct about the applicability of the arbitration provisions in the construction contract. As a result, the likelihood of success

8

on the merits is neutral, which weights against granting a preliminary injunction.

**(2) Irreparable Injury**

FCCI has cited cases that stand for the proposition that "courts have found that the harm suffered by a party who is forced to arbitrate claims that it did not agree to arbitrate is per se irreparable." *See CIG Asset Management v. Bircoll*, 2013 WL 4084763, *2 (E.D. Mich. Aug. 13, 2013) (citing *Merrill Lynch Inv. Managers v Optibase, Ltd.*, 337 F.3d 125, 129 (2nd Cir. 2003). But the key qualifier is that irreparable harm is caused when parties are forced to arbitrate claims *that they did not agree to arbitrate*. It follows then, that there is no irreparable injury where a party is forced to arbitrate claims that it agreed to arbitrate. Here, whether FCCI agreed to arbitrate the claims raised in this case is an open question.

Of course, even if forcing FCCI to arbitrate at this stage is not per se irreparable, preparation for arbitration proceedings will certainly impose some costs for FCCI. Still, the arbitrator's report of preliminary hearing and scheduling order states that counsel for FCCI has participated in the initial stages of the arbitration proceeding. [DE 25-3]. The next deadline in the arbitration proceeding is for the filing of dispositive motions on April 30, 2019. [*Id.* at 1, Pg ID 169]. Additionally, any discovery required of FCCI for the arbitration proceeding will be relevant

9

to this action and vice-versa.  Finally, the final arbitration hearing is not scheduled until August 26, 2019.  [*Id.* at 2, Pg ID 170].  As a result, there is no clear indication that FCCI will suffer irreparable injury by complying with the arbitration proceeding's scheduling order between now and the time when the Court can address the motion to dismiss or compel.

In sum, FCCI has failed to demonstrate that it will suffer irreparable injury that justifies injunctive relief to preserve the status quo.  The motion to dismiss or to compel arbitration will become ripe on March 6, 2019.  As such, the Court will be able to resolve the underlying issue on whether the performance bond incorporated the construction contract's arbitration provisions before FCCI suffers any additional irreparable injury.  Therefore, this factor weighs against granting a preliminary injunction.

**(3) Harm to Others**

FCCI argues that the only harm that will be suffered here is a potential delay in the arbitration proceedings between Crace and the Library.  In response, the Library argues that continued delays in this action will result in harm to the Library and the patrons of the Nicholas County Library.  Additionally, the Library argues that continued delays may result in harm to the incomplete construction project due to weather and other factors.

Still, any preliminary injunction in this matter would be limited to a time period that will allow the Court to consider and resolve the issues raised in the pending motion to dismiss. As the Court has already discussed, the motion to dismiss is almost ripe and can likely be addressed in a short period of time. This litigation has been ongoing since January 2018. As a result, any additional delay in the arbitration proceedings would impose minimal burden or harm to others. In sum, this factor weighs in favor of granting a preliminary injunction.

**(4) Public Interest**

FCCI argues that the public interest is best served by not requiring parties to arbitrate claims that they did not explicitly agreed to arbitrate. Furthermore, FCCI asserts that they are being coerced into arbitration.

Fair enough, but there is also a public interest in favor of upholding contractual agreements. Here, there is a dispute as to whether FCCI contractually agreed to arbitrate any claims when they incorporated the provisions in the construction contract into the performance bond.

On one hand, if FCCI did not agree to arbitrate their claims, then they are correct that the public interest is best served by not requiring arbitration. But on the other hand, if FCCI contractually agreed to arbitrate their claims by incorporating the terms of the construction contract, then the public interest

11

is best served by enforcing the contract and requiring arbitration. As a result, the public interest factor is neutral and does not weigh in favor of either party.

### III. Conclusion

Again, both parties have raised compelling arguments on about whether FCCI agreed to arbitrate their claims by incorporating the terms of the construction contract into the performance bond. Still, injunctive relief is an extraordinary remedy. The Plaintiff has the burden to demonstrate entitlement to injunctive relief based on the four factors outlined above. In his case, while FCCI may ultimately succeed on the merits, FCCI has failed to demonstrate that a preliminary injunction is necessary in this matter to preserve the status quo to prevent irreparable harm. Accordingly, having considered the parties' oral argument and briefing on the motion for injunctive relief, **IT IS ORDERED** that FCCI's motion for a temporary restraining order or preliminary injunction [DE 20] is **DENIED**.

This the 5th day of March, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge